# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-03571 MMM (CWx) | Date | May 16, 2011 |

Title   *US Bank NA v. Jose Salazar et al*

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order Remanding Action to Los Angeles Superior Court[4]

## I. BACKGROUND

On March 17, 2011, U.S. Bank commenced this unlawful detainer action in Los Angeles Superior Court against defendant Jose Salazar.[1] Defendant was personally served with the summons and complaint on March 17, 2011.[2] On April 26, 2011, defendant removed the action to this court.[3] On May 9, 2010, U.S. Bank filed a motion to remand the action to state court on the grounds that the court lacked subject matter jurisdiction over the matter and there was a procedural defect in removal.

---

[1]Motion to Remand, Docket No. 4 (May 9, 2011); Request for Judicial Notice, Exh. 1 (Complaint).

[2]*Id.*, Declaration of Tami D. Crosby ("Crosby Decl."), ¶ 3, Exh.1 (Proof of Service).

[3]Notice of Removal, Docket No. 1 (April 26, 2011).

# II. DISCUSSION

## A. Procedural Standard for Removal

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states. See 28 U.S.C. §§ 1441(a), (b). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

Parties seeking to remove must comply with certain procedural mandates. Among these is a requirement that a notice of removal be filed within thirty days after service of the summons and complaint. 28 U.S.C. § 1446(b); see *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The statute provides for a renewed thirty-day removal period if the original complaint is not removable. This period commences upon a defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . ." 28 U.S.C. § 1446(b).

The removing defendant bears the burden of establishing that removal is proper. See *Gaus v. Miles*, 980 F. 2d. 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); see also *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (when removing a case to federal court, defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction). The removal statute is strictly construed against removal, and all doubts respecting jurisdiction are resolved in favor of remand. *Gaus*, 980 F.2d at 566; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

## B. Whether Defendants' Notice of Removal Was Filed Within the Statutory Time Period

Defendant's notice of removal makes no mention of the thirty-day time limit for removing an action under 28 U.S.C. § 1446(b). Based on the proofs of service filed in conjunction with plaintiff's motion for remand, however, it is clear that the removal was untimely. The summons states that defendant was served on March 17, 2011.[4] He did not remove the action to federal court, however,

---

[4]Proof of Service at 1.

until April 26, 2011.[5] It is clear therefore that plaintiff failed to comply with the procedural requirements of 28 U.S.C. § 1446(b).

### III. CONCLUSION

For the reasons stated, plaintiff's motion to remand is granted.[6] The clerk is directed to remand the action forthwith to Los Angeles Superior Court.

---

[5]Notice of Removal at 1.

[6]U.S. Bank also contends that defendant's removal was improper because the court lacks subject matter jurisdiction to hear the action. Having determined that removal was procedurally deficient, the court need not consider this additional ground for remand. It notes, however, that U.S. Bank's argument has merit. As plaintiff's complaint seeks damages of less than $10,000, and defendant's notice of removal fails to present evidence that the amount in controversy actually exceeds $75,000 to a legal certainty, the court appears to lack diversity jurisdiction. With regard to any possible federal question jurisdiction, U.S. Bank's complaint states only a single unlawful detainer claim, which is entirely a creature of state law, and thus is a claim that does not fall within the court's original jurisdiction. See *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez,* NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists"). Because "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," *Caterpillar*, 482 U.S. at 392, and because only a state law claim is pled, removal jurisdiction based on federal question is lacking.